Frank J. Lucchino, Controller of Allegheny County, Petitioner *v.* Foreign Countries of Brazil, South Korea, Spain, Mexico and Argentina, Respondents.

Hearing held February 1, 1984 before President Judge CRUMLISH, JR.

*Doris A. Smith,* Solicitor, with her, *Louis S. Gold,* Assistant Solicitor, for petitioner.

No appearance for respondents, Countries of Brazil, Spain, Argentina and South Korea.

Office of the Embassy and Office of the Consulate General, by *Ambassador Arturo Osorno R.T.,* with him, *Ricardo Abarca,* for respondent, Country of Mexico.

MEMORANDUM OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 17, 1984:

Frank J. Lucchino, controller of Allegheny County, has filed a petition for determination of discrimination against the foreign countries of Brazil, South Korea, Spain, Mexico and Argentina pursuant to the Pennsylvania Trade Practices Act, 71 P.S. §773.101.[1] Respondent Mexico has filed a motion to dismiss, asserting that it is immune from this Court's jurisdiction under the federal Foreign Sovereign Immunities Act of 1976[2] and under the judicially-determined Act of State Doctrine. There has been no response, to

---

[1] Trade Practices Act, Act of July 23, 1968, P.L. 686, 71 P.S. §773.101.

[2] Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §1602 (1976).

date, from the countries of Brazil, South Korea, Spain and Argentina. We deny Mexico's motion to dismiss. After reviewing the evidence presented by Lucchino in support of his petition, we hold that the respondent foreign countries have discriminated against the steel and aluminum industries of Pennsylvania.

A hearing was held on the petition for determination of discrimination on February 1, 1984. Various exhibits were admitted into evidence and the record remained open for the submission of additional evidence. The evidence was admitted on February 15, 1984, following which the record was closed. Based upon this evidence, the Court has made the following findings of fact:

1. That Frank J. Lucchino is a taxpayer of the Commonwealth of Pennsylvania and is Controller of Allegheny County.

2. That the Respondent foreign countries, Brazil, South Korea, Spain, Mexico and Argentina were served with a copy of the petition and notice of time of hearing pursuant to the Pennsylvania Trade Practices Act, 71 P.S. §773.106(a), by registered mail, return receipt requested.

3. That notwithstanding proper service of the petition upon the respondent foreign countries, Brazil, South Korea, Spain, Mexico and Argentina, the respondent foreign countries Brazil, South Korea, Spain and Argentina did not appear or present any testimony during the hearing seeking a determination of discrimination.

4. That only respondent foreign country, Mexico, attended the hearing, but only to the extent of submitting a document seeking dismissal of the petition as it pertained to the respondent, Mexico.

5. That Brazil, South Korea, Spain, Mexico and Argentina are sovereign countries in which steel, iron and aluminum products are produced.

6. That the steel, iron and aluminum products manufactured in Brazil, South Korea, Spain, Mexico and Argentina are the same or substantially similar to the steel, iron and aluminum products manufactured within the Commonwealth.

7. That the steel, iron and aluminum products manufactured in Brazil, South Korea, Spain, Mexico and Argentina are exported to the United States of America and, in particular, to the Commonwealth of Pennsylvania.

8. That the steel, iron and aluminum products manufactured in Brazil, South Korea, Spain, Mexico and Argentina exported for use within the Commonwealth of Pennsylvania are the same or substantially similar to steel, iron and aluminum products used in public works projects in their finished or unfinished condition within the Commonwealth.

9. That the International Trade Administration has determined that Brazil has conferred certain benefits to manufacturers of steel, iron and aluminum products within Brazil.

10. That the International Trade Administration has determined that the benefits conferred by Brazil to manufacturers of steel, iron and aluminum products within Brazil, pertain to the following steel, iron and aluminum products: welded carbon steel pipes and tubes; carbon steel wire rod; tool steel; certain stainless steel products including hot-rolled stainless steel bar; stainless steel wire rod and cold-formed stainless steel bar; pre-stressed con-

crete steel wire strand; hot-rolled carbon steel plate in coil; hot-rolled carbon steel sheet and cold-rolled carbon steel sheet.

11. That the International Trade Administration has determined that the benefits conferred by Brazil to manufacturers of steel, iron and aluminum products within Brazil pertaining to the products identified in Finding of Fact No. 10, include the following: Industrial Products Tax (IPI) export credit premium; preferential working capital financing for exports; income tax exemptions for export earnings; long-term loans; IPI rebates for capital investment; Industrial Development Council (CDI) program; accelerated depreciation for capital goods manufactured in Brazil; government provision of equity capital; government assistance in repaying foreign loans; short-term financing (Resolution 674); funding for expansion through IPI tax rebates; Resolution 68 (FINEX); and raw materials (iron ore) supplied at government controlled rates.

12. That the International Trade Administration has determined that the benefits conferred by Brazil, enumerated in Finding of Fact No. 11, pertaining to the products mentioned in Finding of Fact No. 10, constitute subsidization by Brazil of said products and the manufacturing thereof.

13. That the International Trade Commission has determined that as a result of the various programs conferring subsidies by Brazil to manufacturers of steel, iron and aluminum products within Brazil, identified in Finding of Fact No. 11, the United States domestic steel industry has been materially injured by reason of the subsidized imports from Brazil.

14. That manufacturers within the Commonwealth producing the same or substantially similar products as those products identified in Finding of Fact No. 10, include Carpenter Technology Corp.; Electrally Corp.; Jessop Steel Co.; Latrobe Steel Co.; National Forge Co.; Teledyne Vasco; Universal Cyclops Specialty Steel Division; Cyclops Corp.; Bethlehem Steel Corp.; Lukens, Inc.; U.S. Steel Corp.; and Jones and Laughlin Steel.

15. The International Trade Administration and International Trade Commission determinations regarding Brazil are contained in petitioner Brazil's Exhibits 1 through 9.

16. That eleven, or 27.5% of all steel mills which produce hot-rolled carbon steel sheet and coiled plate within the United States are located within the Commonwealth.

17. That the International Trade Administration has determined that Spain has conferred certain benefits to manufacturers of steel, iron and aluminum products within Spain.

18. That the International Trade Administration has determined that the benefits conferred by Spain to manufacturers of steel, iron and aluminum products within Spain, pertain to the manufacturing of the following steel, iron and aluminum products: certain stainless steel products, including stainless steel wire rod, hot-rolled stainless steel bars and cold-formed steel bars; pre-stressed concrete steel wire strand; certain steel products, including hot-rolled steel plate, cold-rolled carbon steel plate, carbon steel structural shapes, galvanized carbon steel sheet, hot-rolled carbon steel bars and cold-formed carbon steel bars.

19. That the International Trade Administration has determined that the benefits conferred by Spain to manufacturers of steel, iron and aluminum products within Spain pertaining to the products identified in Finding of Fact No. 17, include the following: medium and long-term preferential loans; short-term preferential loans; Privileged Circuit Exporter Credits (a form of working capital loans); cash grants and capital infusion.

20. That the International Trade Administration has determined that the benefits conferred by Spain as enumerated in Finding of Fact No. 19, pertaining to the products identified in Finding of Fact No. 17, constitute subsidization of said products and the manufacturing thereof.

21. That the International Trade Commission has determined that as a result of the various programs conferring subsidies by Spain to manufacturers of steel, iron and aluminum products within Spain, identified in Finding of Fact No. 18, that the United States domestic steel industry has been materially injured by reason of the subsidized imports from Spain.

22. That the International Trade Administration and International Trade Commission determinations regarding Spain are contained in petitioner Spain's Exhibits 1 through 4.

23. That manufacturers within the Commonwealth producing the same or substantially similar products as those products identified in Finding of Fact No. 18, include U.S. Steel Corp.; Bethlehem Steel Corp.; Lukens, Inc.; National Steel Corp.; Sharon Steel; Jones and Laughlin Steel Co.; Milton Manufacturing; Cyclops Corp.; Teledyne Columbia-Summerill;

Crucible Steel Corp.; Elliot Brothers Steel; and Carpenter Technology Corporation.

24. That the International Trade Administration has determined that South Korea has conferred certain benefits to manufacturers of steel, iron and aluminum products within South Korea.

25. That the International Trade Administration has determined that benefits conferred by South Korea to manufacturers of steel, iron and aluminum products within South Korea, pertain to the following products: welded carbon steel pipes and tubes; hot-rolled carbon steel plate; hot-rolled carbon steel sheet and galvanized steel sheet.

26. That the International Trade Administration has determined that the benefits conferred by South Korea to manufacturers of steel, iron and aluminum products within South Korea, pertaining to the products identified in Finding of Fact No. 25, include the following: preferential export financing providing short-term loans at less than commercial rates; preferential tax incentives for exporters permitting accelerated depreciation by a corporation engaged in foreign exchange; special tax incentives for steel producers and Masan Free Export Zone and Foreign Capital Inducement Law benefits.

27. That the International Trade Administration has determined that the benefits conferred by South Korea, enumerated in Finding of Fact No. 26, pertaining to the products identified in Finding of Fact No. 25, constitute subsidization by South Korea of said products and the manufacturing thereof.

414

28. That the International Trade Commission has determined that as a result of the various programs conferring subsidies by South Korea to manufacturers of steel, iron and aluminum products within South Korea, identified in Finding of Fact No. 26, that the United States domestic steel industry has been materially injured by reason of the subsidized imports from South Korea.

29. The International Trade Administration and International Trade Commission determinations regarding South Korea are contained in petitioner South Korea's Exhibits 1 through 4.

30. That manufacturers within the Commonwealth producing the same or similar products as those products identified in Finding of Fact No. 25, include: Cyclops Corp.; U.S. Steel Corp.; Babcock & Wilcox Co.; Pittsburgh Tube Co.; Sharon Tube Co.; National Steel Corp.; Lukens, Inc.; Bethlehem Steel Corp.; Wheeling-Pittsburgh Steel Corp.; and Sharon Steel.

31. That the International Trade Administration has determined that Mexico has conferred certain benefits to manufacturers of steel, iron and aluminum products within Mexico.

32. That the International Trade Administration has determined that benefits conferred by Mexico to manufacturers of steel, iron and aluminum products within Mexico, pertain to the following products: certain iron-metal construction castings including manhole covers, rings and frames, catch basin frames and grates, cleanout covers, grates, meter boxes, valve boxes; galvanized carbon steel sheet; cold-rolled carbon steel sheet; carbon steel plate in

coil; carbon steel plate cut to length; and small diameter carbon steel plate welded pipe.

33. That the International Trade Administration has determined that the benefits conferred by Mexico to manufacturers of steel, iron and aluminum products within Mexico, pertaining to the products identified in Finding of Fact No. 32, include the following: Fund for Promotion of Exports of Mexican manufactured products (FOMEX); Fund for Industrial Development (FONEI); Guarantee and Development Fund for medium and small industries (FOGAIN); state tax incentives, *Nacional Financiera, S.A.* (NAFINSA); preferential federal tax incentives (CEPROFI); Article 94 loans; and accelerated depreciated allowances.

34. That the International Trade Administration has determined that the benefits conferred by Mexico enumerated in Finding of Fact No. 33, pertaining to the products identified in Finding of Fact No. 32, constitute subsidization by Mexico of said products and the manufacturing thereof.

35. That the products manufactured in Mexico, subsidized by Mexico, as determined by the International Trade Administration, are the type of steel, iron and aluminum products commonly referred to as municipal or public works castings.

36. That the International Trade Administration determinations regarding Mexico are contained in petitioner Mexico's Exhibits 1 and 2.

37. That the manufacturers within the Commonwealth producing the same or substantially similar products as those identified in

Finding of Fact No. 32, include: Bethlehem Steel Corp.; Sharon Steel; Wheeling-Pittsburgh Steel Corp.; Cyclops Corp.; U.S. Steel Corp.; Teledyne Columbia-Summerill; Franklyne Steel Co.; Blair Strip Sheet Co.; Elliot Brothers Steel Co.; and Pittsburgh Tube Co.

38. That the International Trade Administration has determined that Argentina has conferred certain benefits to manufacturers of steel, iron and aluminum products within Argentina.

39. That the International Trade Administration has determined that benefits conferred by Argentina to manufacturers of steel, iron and aluminum products within Argentina, pertain to the following products: carbon steel wire rod and cold-rolled carbon steel sheet.

40. That the International Trade Administration has determined that the benefits conferred by Argentina to manufacturers of steel, iron and aluminum products within Argentina, pertaining to the products identified in Finding of Fact No. 39, include the following: "Reemboiso" tax rebate on exports; post-financing of exports under Circular OPRAC 1-9; government equity infusion, loan guarantees and prefinancing of exports through dollar indexed pesos.

41. That the International Trade Administration has determined that the benefits conferred by Argentina, enumerated in Finding of Fact No. 40, pertaining to the products identified in Finding of Fact No. 39, constitute subsidization by Argentina of said products and the manufacturing thereof.

42. That the International Trade Administration determinations regarding Argentina are contained in petitioner's Exhibits 1 and 2.

43. That the manufacturers within the Commonwealth producing the same or similar products as those identified in Finding of Fact No. 39, include: Bethlehem Steel Corp.; Sharon Steel; Carpenter Technology Corp.; Wheeling-Pittsburgh Steel Corp.; Blair Strip Steel Co.; Elliot Brothers Steel Co.; and National Steel Corp.

At the February 1st hearing, respondent Mexico submitted a motion to dismiss on the grounds that it enjoyed sovereign immunity under the Foreign Sovereign Immunities Act of 1976 and the Act of State Doctrine. We disagree.

Section 1605 of the Immunities Act[3] lists the general exceptions to jurisdictional immunity of a foreign state. Section 1605(a)(2) states that there is jurisdiction when

the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; *or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.* (Emphasis added.)

Mexico contends that the discriminatory acts alleged by Lucchino were public governmental acts and therefore were not commercial activities. Mexico further alleges that jurisdiction is lacking under the Act of State Doctrine. The Act of State Doctrine was ju-

---

[3] 28 U.S.C. §1605.

dicially established so as to preclude the courts of the United States from questioning the power and sovereignty of foreign states in sensitive areas. However, the Fifth Circuit Court of Appeals, in *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980), declared that the Act of State Doctrine does not preclude judicial resolution of all commercial consequences stemming from the occurrence of such public acts.

On review of the evidence, we hold that the discriminatory acts are commercial in nature.

From this holding and our findings of fact, we decide the following:

1. This Court has both jurisdiction and venue over the subject matter to hear the petition seeking a determination of discrimination against the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina, pursuant to the Pennsylvania Trade Practices Act, 71 P.S. §773.101.

2. The sovereign immunity defense to this Court's subject matter jurisdiction is unavailable to the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina due to the commercial nature of the activities engaged in, as set forth in Findings of Fact, by said respondent foreign countries. *See* 28 U.S.C. §1605(a)(2).

3. The "act of state" defense to this Court's subject matter jurisdiction is unavailable to the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina due to the commercial nature of the activities engaged in, as set forth in the Findings of Fact, by said respondent foreign countries.

4. The service of the petition and notice of the time of hearing set by the Court was prop-

erly perfected by the petitioner and vested in this Court personal jurisdiction over the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina, pursuant to the Pennsylvania Trade Practices Act, 71 P.S. §773.106.

5. The statutes, regulations, policies, procedures and practices of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina, as set forth in the Findings of Fact, have the practical discriminatory effect of placing steel, iron and aluminum products manufactured in this Commonwealth at a competitive disadvantage.

6. The statutes, regulations, policies, procedures and practices of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina, as set forth in the Findings of Fact, have the practical effect of granting and/or bestowing a preference, discount or other competitive advantage to steel, iron or aluminum products manufactured in said respondent foreign countries, the effect whereof discriminates against the same or substantially similar steel, iron and aluminum products manufactured in this Commonwealth and furthermore places said products manufactured in this Commonwealth at a competitive disadvantage.

7. The statutes, regulations, policies, procedures and practices of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina have the practical effect of imposing economic restrictions on the opportunities of the steel, iron and aluminum industries in this Commonwealth to compete for government contracts both within the Commonwealth as well as in the respondent foreign

countries, thereby discriminating against steel, iron and aluminum products manufactured in this Commonwealth.

8. The statutes, regulations, policies, procedures and practices of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina have the practical effect of discriminating against steel, iron and aluminum products manufactured in this Commonwealth by the adoption and/or condoning of unfair methods of competition in international trade, as set forth in the Findings of Fact.

9. The statutes, regulations, policies, procedures and practices of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina have the practical effect of discriminating against steel, iron and aluminum products manufactured in this Commonwealth by the subsidization of steel, iron and aluminum products and the manufacturing thereof by the respondent foreign countries, as set forth in the Findings of Fact.

10. The statutes, regulations, policies, procedures and practices of each of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina as set forth in the Findings of Fact discriminate against steel, iron and aluminum products manufactured in this Commonwealth and thereby each of the respondent foreign countries is in violation of the Pennsylvania Trade Practices Act.

11. The violations of the Pennsylvania Trade Practices Act by each of the respondent foreign countries Brazil, South Korea, Spain, Mexico and Argentina entitle petitioner to the relief he seeks and thereby makes it unlawful for any public agency to specify, purchase, or

permit to be furnished or used, in any public works, steel, iron and aluminum products made in any of the respondent foreign countries which have been determined by this Court to discriminate pursuant to the Act.

## ORDER

The foreign countries of Brazil, South Korea, Spain, Mexico and Argentina have been found to be discriminating against certain aluminum and steel products made in the Commonwealth of Pennsylvania under the Trade Practices Act, Act of July 23, 1968, P.L. 686, 71 P.S. §773.101. Pursuant to 71 P.S. §773.108, the Prothonotary of the Commonwealth Court shall place on the Foreign Registry Docket the names of the respondent foreign countries and the specific products of each country whose purchase or use shall be prohibited by the Act:

1. Brazil: welded carbon steel pipes and tubes; carbon steel wire rod; tool steel; certain stainless steel products including hot-rolled stainless steel bar; stainless steel wire rod and cold-formed stainless steel bar; pre-stressed concrete steel wire strand; hot-rolled carbon steel plate in coil; hot-rolled carbon steel sheet and cold-rolled carbon steel sheet.

2. Spain: certain stainless steel products, including stainless steel wire rod, hot-rolled stainless steel bars and cold-formed stainless steel bars; pre-stressed concrete steel wire strand; certain steel products including hot-rolled steel plate, cold-rolled carbon steel plate, carbon steel structural shapes, galvanized carbon steel sheet, hot-rolled carbon steel bars and cold-formed carbon steel bars.

3. South Korea: welded carbon steel pipes and tubes; hot-rolled carbon steel plate; hot-rolled carbon steel sheet and galvanized steel sheet.

4. Mexico: certain iron-metal construction castings including manhole covers, rings and frames, catch basin frames and grates, cleanout covers, grates, meter boxes, valve boxes; galvanized carbon steel sheet; cold-rolled carbon steel sheet; carbon steel plate in coil; carbon steel plate cut to length; and small diameter carbon steel plate welded pipe.

5. Argentina: carbon steel wire rod and cold-rolled carbon steel sheet.

### Order

Respondent Mexico's motion to dismiss is hereby denied.